IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    CRIMINAL 07-189 (JAG)

[1] JUAN CARLOS RODRIGUEZ-SANCHEZ

Defendant.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

I.      **Procedural Background**

On April 25, 2007, a grand jury returned a fourteen-count indictment against Juan Carlos Rodríguez-Sánchez (hereinafter referred to as "defendant") and twelve (12) other individuals.  Docket 2.  Defendant was charged in counts one, two, five, six, seven, eight, nine, ten, thirteen, and fourteen.  On March 13, 2008, defendant filed a motion for change of plea.  Docket 306.

The defendant has agreed to plead guilty to counts seven and nine of the indictment.[1]  Count

---

[1] Although the plea agreement indicates that the defendant is also pleading guilty to count fourteen, said count consists of a forfeiture allegation that states that as a result of a conviction in counts one through thirteen of the indictment, defendant Juan Carlos Rodríguez-Sánchez and the twelve other individuals charged shall forfeit to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and (2): Any property, real or personal, constituting, or derived from, proceeds that the person obtained, directly or indirectly, as a result of such violation, and any property, real or personal, used or intended to be used in any manner or part to commit and/or facilitate the commission of the violation alleged in counts one through thirteen of the indictment, including but not limited to the following property: approximately seven hundred fifty-seven thousand ($757,000.00) dollars in United States Currency.  Substitute Assets:  Pursuant to Title 21, United States Code, Section 853(p), any and all interest of the defendant in the asset described above shall forfeit to the United States substitute property up to the value of said property, that is, approximately seven hundred fifty-seven thousand ($757,000.00) dollars in United States Currency, in the event that the above-mentioned asset, or any portion thereof, as a result of any act or omission of the defendant:
        a.      cannot be located upon exercise of due diligence;
        b.      has been transferred, or sold to, or deposited with a third party;
        c.      has been placed beyond the jurisdiction of this court;
        d.      has been substantially diminished in value;
        e.      has been commingled with other property which cannot be divided without difficulty.
All in accordance with Title 21, United States Code, Sections 853 and 881, and Rule 32.2 of the Federal Rules of Criminal Procedures.

2

seven charges that on or about November 18, 2006, in the District of Puerto Rico and within the jurisdiction of this Court, defendants Juan Carlos Rodríguez-Sánchez and David Arroyo-Chacker, a/k/a "Sorby", aided and abetted by each other, did knowingly and intentionally possess with intent to distribute, and did distribute, approximately two hundred fifty (250) grams (gross weight) or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21,  United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

Count nine charges that on or about January 29, 2007, in the District of Puerto Rico and within the jurisdiction of this Court, defendant Juan Carlos Rodríguez-Sánchez, having been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and unlawfully possess a firearm, to wit: a black Smith and Wesson .9mm handgun, Model 59, Serial #A667921, which had been shipped in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).  Count nine further alleges that the defendant was convicted in the Superior Court, Aguadilla, Puerto Rico, of possessing a controlled substance in violation of Article 404 of the Commonwealth of Puerto Rico Controlled Substances Law, a crime punishable by up to three (3) years imprisonment.

**II.     Consent to Proceed Before a Magistrate Judge**

On March 25, 2008, while assisted by attorney Carlos Vázquez-Alvarez, Esq., the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to counts seven and nine of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge.  The defendant was also explained the

3

differences between the appointment and functions of the two.  The defendant consented to proceed before the undersigned magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

    **A.    Rule 11(c)(1) Requirements**

       Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'"   United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

       In response to further questioning, defendant was explained and he understood that if convicted on count seven he will face the following maximum penalties: a term of imprisonment of not more than twenty (20) years, a fine not to exceed one million dollars ($1,000,000.00), and a term of supervised release of at least three (3) years in addition of any term of incarceration.  **However, since the defendant is being held accountable for between five hundred (500) grams and two (2) kilograms of cocaine based on relevant conduct, the defendant was explained, and he understood, that the statutory sentence may not be less than five (5) years and not more than forty (40) years, a fine not to exceed two million ($2,000,000.00) dollars, a term of supervised release of at least four (4) years in addition to any term of incarceration, pursuant to Title 21, United States Code, Section 841(b)(1)(B).**  If convicted on count nine, the defendant was explained and he understood that he will face the following maximum penalties: a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred fifty ($250,000.00) dollars, and a term of supervised release of not more than three (3) years in addition to any term of incarceration.  Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

4

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone.  The defendant understood this.

The defendant acknowledged that at this stage no guarantees or promises as to the sentence to be imposed had been made to him.  The defendant was also explained what the supervised release term means and was urged to cooperate with the United States Probation Office.

**B.  Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving him guilt beyond a reasonable doubt.

2.    To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

**C.  Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his

5

guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment.  He was also explained that parole has been abolished.

**D.  Plea Agreement**

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record.  Defendant was clearly warned and recognized having understood that:

1.  The plea agreement is not binding upon the sentencing court.

2.  The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3.  The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4.  In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

Defendant acknowledged having understood this explanation.

**E.  Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence as stated in the version of facts of the plea agreement with which the defendant concurred.  Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

6

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which would have been proven had the case proceeded to trial.

**IV.   Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to counts seven and nine of the indictment.  After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant [1] Juan Carlos Rodríguez-Sánchez is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts seven and nine of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 26th day of March, 2008.

s/Marcos E. López
UNITED STATES MAGISTRATE JUDGE